# Third District Court of Appeal

## State of Florida

Opinion filed September 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1679
Lower Tribunal No. 16-31791
_____

**Henry Pernas,**
Appellant,

vs.

**General Impact Glass & Windows, Corp., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

South Florida Business Law Group, and Kai E. Jacobs and Lisa N. Balkin Gang, for appellant.

Daniels, Rodriguez, Berkeley, Daniels & Cruz, P.A., Jorge L. Cruz and Elier Fernandez, for appellee.

Before FERNANDEZ, C.J., and LOGUE and HENDON, JJ.

LOGUE, J.

Henry Pernas timely appeals an order dismissing his case for lack of prosecution. Pernas asserts he was not provided proper notice and an opportunity to respond to the trial court's intent to consider dismissing the case for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We note this case had been noticed for trial, the parties had filed their exhibit and witness lists, and the case had been set on several trial calendars but not reached. In the order dismissing the case, the trial court found that Pernas had not attended a hearing pursuant to an Order to Appear giving notice of the court's intent to consider dismissing the case for lack of prosecution.

As Pernas points out, however, the record on appeal contains no notice to him of the trial court's intent to consider dismissing the case, the hearing on that issue, or the sixty-day grace period required by Rule 1.420(e). See Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786, 792 (Fla. 2011) ("Our intent in amending the rule in 2005 was simply to alleviate the harshness of the rule by providing notice to a party that the action was at risk of being dismissed for lack of prosecution, and affording the party a reasonable time thereafter in which to engage in record activity in order to preclude dismissal.").

In these circumstances, where the record is devoid of the required notice to the parties required by Rule 1.420(e), we can only conclude the dismissal was entered in error.

Reversed and remanded.